kaw

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,**    ) | |
|                                  ) | |
| **Plaintiff,**    ) | |
|                                  ) | |
| vs.                              ) | **Case No. 06-40151-JAR** |
|                                  ) | |
| **F. JEFFREY MILLER,**           ) | |
| **STEPHEN W. VANATTA,**          ) | |
| **HALLIE IRVIN, AND**            ) | |
| **SANDRA JO HARRIS,**            ) | |
|                                  ) | |
| **Defendants.**    ) | |
| _____) | |

## MEMORANDUM AND ORDER

Before the Court is defendant F. Jeffrey Miller's Motion for Intra-District Transfer (Doc. 214). The Court denied a motion to transfer without prejudice in its Order of April 29, 2008 (Doc. 194). Since that Order was issued, a number of factors have changed. Additionally, a transfer of this action to the Kansas City Division is not possible because the only available courtroom there cannot accommodate the parties in this matter. Accordingly, the motion is denied and trial will proceed in Topeka.

**Discussion**

Fed. R. Crim. P. 18 provides:

> Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed. The court must set the place of trial within the district with due regard for the convenience of the defendant and the witnesses, and the prompt administration of justice.

"The trial court may weigh the prejudice alleged by defendant against the concern of providing a

speedy trial."[1] A district court has discretion in determining whether intra-district transfer is appropriate.[2] Further, a court's decision regarding change of venue is entitled to deference.[3]

Additionally, in evaluating motions for intra-district transfer, courts rely on the principles found in Fed. R. Crim. P. 21.[4] This Rule provides for transfers of criminal cases from one district to another. Because Kansas is comprised of one judicial district, Rule 21 is inapplicable to this case, but the Court looks to that Rule and the case law interpreting that Rule for guidance. The Supreme Court has listed the following factors that a court should consider when determining whether a case should be transferred under Rule 21: (1) location of corporate defendant; (2) location of possible witnesses; (3) location of events likely to be in issue; (4) location of documents and records likely to be involved; (5) disruption of defendant's business unless the case is transferred; (6) expense to the parties; (7) location of counsel; (8) relative accessibility of place of trial; (9) docket condition of each district or division involved; and (10) any other special elements which might affect the transfer.[5]

In its previous Order in *United States v. Miller I,* 06-40068 (Doc. 121),[6] the Court noted that a number of factors favored transfer to Kansas City for trial. The Court stated that the courtrooms in Topeka were too small and that witnesses and evidence was more readily

---

[1] *United States v. Lawson*, 670 F.2d 923, 926 (10th Cir. 1982) (citing *United States v. Brown*, 535 F.2d 424, 429–30 (8th Cir. 1976); *United States v. Florence*, 456 F.2d 46, 50 (4th Cir. 1972)).

[2] *United States v. Afflerbach*, 754 F.2d 866, 869 (10th Cir. 1985).

[3] *United States v. Williams*, 897 F.2d 1034, 1036 (10th Cir. 1990) (quoting *United States v. Hunter*, 672 F.2d 815, 816 (10th Cir. 1982)).

[4] *United States v. Weidner*, No. 02-40140, 2003 WL 21183177, at *11 (D. Kan. May 16, 2003) (citing *United States v. Walker*, 890 F. Supp. 954, 958 n.5 (D. Kan. 1995)).

[5] *Platt v. Minn. Mining & Mfg. Co.*, 376 U.S. 240, 243–44 (1964).

[6] The Court relied on this Order for its ruling on April 29, 2008.

available in Kansas City. The Court, however, also noted that transfer to Kansas City would adversely affect the Court's busy docket and that Kansas City was merely sixty miles from Topeka, not a substantially long distance for parties, counsel or witnesses to travel.

Since that *Miller I* Order almost two years ago, the Topeka Division has upgraded its electronic court and has renovated one of its courtrooms, making it large enough to accommodate the defendants in this case.[7] Additionally, the Court was unable to locate a suitable courtroom in Kansas City that could accommodate the parties, as the only available courtroom there is not equipped for electronic presentation of evidence and is not as large as the Topeka courtroom. Accordingly, the factors still weigh in favor of having trial in Topeka. Defendant Miller's motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant F. Jeffrey Miller's Motion for Intra-district Transfer (Doc. 214) is denied.

**IT IS SO ORDERED**.

Dated this   16th   day of October 2008.

  S/ Julie A. Robinson
**Julie A. Robinson**
**United States District Judge**

---

[7] In its Order, the Court stated that the courtrooms in Topeka were probably unable to accommodate eight defendants. *Miller I, 06-00068*, (Doc. 121, at 4)  In this case, however, only four of the five defendants are proceeding to trial.