lml

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>   )<br>             Plaintiff,   )<br>   )<br>vs.   )<br>   )<br>F. JEFFREY MILLER,   )<br>   )<br>   )<br>             Defendant.   )<br>_____)   | Case No. 06-40151-01-JAR |

## MEMORANDUM AND ORDER

On September 10, 2009, the Court issued its Memorandum and Order[1] ruling on defendants' various post-trial motions with respect to the forfeiture verdict. The Court granted defendant Miller's request for release of funds from the Country Club Bank account, but for $24,086.23, which was to remain in the account to be forfeited with respect to the Piper aircraft; the remaining funds were from the sale of the aircraft in excess of that amount and proceeds from the sale of one of Miller's houses, which was not the subject of forfeiture.[2] The Court indicated that although the government stated it would seek these funds as substitute assets, it was prohibited from prior restraint of substitute assets.[3] The Court also declined to direct how the funds be disbursed from the account, as that was up to Miller.[4] Miller provided the order to the bank, which requested a more detailed order concerning the account.

---

[1](Doc. 406.)

[2]*Id*. at 21-22.

[3]*Id*. at 21.

[4]*Id*. at 22.

Before the Court is Miller's motion seeking an order directing Country Club Bank to (1) retain the amount of $24,086.23; (2) make payment of $101,851.34 to Jeff Morris's law firm for attorney fees; and (3) issue a check to Miller in the amount of $43,730.93, the remaining funds in the account (Doc. 416). The government opposed defendant's motion, and requested a hearing to determine that all proceeds of this account are substitute assets (Doc. 417). The government also filed a Notice that it would seek seizure and forfeiture of specific substitute assets to satisfy the $2.67 million money judgment against Miller, because he has placed forfeitable assets beyond the reach of the Court, or because he has prevented the location of assets (Doc. 419). An evidentiary hearing was held October 20, 2009, after which the Court took the matters under advisement. After considering the evidence and submissions of the parties, the Court is prepared to rule.

The Court agrees with defendant that there are two issues for the Court to decide: enforcement of the September 10, 2009 order, and forfeiture of substitute assets. With respect to the first issue, the Court grants Miller's motion for an order directing transfers from the Country Club bank account consistent with its order. After the Court issued the Order, Miller attempted to obtain the funds in the account, but the bank requested a more detailed order concerning the account. It was not until defendant filed this request for administrative relief on October 1, 2009, that the government raised an objection to disbursement of the funds. The government's objection is, in effect, a motion for reconsideration of its previous order, which the Court declines to do. The basis for the Court's decision remains unchallenged—because of the timing

2

of the preliminary order of forfeiture,[5] the Court was prohibited from prior restraint of substitute assets. Permitting the government to seize and forfeit these released funds at this time and under these circumstances would amount to just that.

With respect to the second issue, the defendant conceded at the hearing that the government is entitled to forfeit substitute assets, not including the Country Club Bank account, as he does not have the funds to satisfy the $2.67 million money judgment. Defendant requests that the Amended Preliminary Order of Forfeiture reference specific listings of property prepared by the Monitor, instead of the generic description provided by the government in its Notice. Defendant also requests that proceeds from the sale of any listed property be deposited into Miller's Solutions Bank account, which is a substitute asset, to be monitored by the Monitor pending further order of the Court. The Court agrees that the substitute assets should be listed with reference, without limitation, by spreadsheets and schedules maintained by the Monitor. Accordingly, the Court grants the government's request to seize and forfeit the following substitute assets pursuant to 21 U.S.C. § 853(p):[6]

1) all assets of Miller in Boreflex, including the escrow account established by Boreflex pursuant to this Court's order of restraint, and any future payments owed to Miller;

2) Solutions Bank account No. ***3812;

---

[5]As the parties are well aware, disposition of the post-trial motions with respect to the forfeiture verdicts as well as the substantive counts was significantly delayed when co-defendant Vanatta fired trial counsel and obtained new counsel for sentencing, who requested and was granted 90 days to review all matters (Doc. 372).

[6]This list differs from the government's submission by removing reference to the Country Club Bank account, with the exception of $24,086.23 in directly forfeitable funds, and by removing reference to the Piper Seneca aircraft, which was sold during the pendency of the forfeiture motions.

3

3) a Ferris commercial tractor, Serial Number 2012708064, and 72" deck, Serial Number 2012708126;

4) the residence located at Foxhead Shores, Lots 25-33, 18665 Metcalf, Stillwell, Kansas, 66223;

5) a residence at 415 Regency Cove, Lake Ozark, Missouri or proceeds therefrom;

6) a 1998 45-foot Sea Ray boat, VIN-Hull I.D. #SERP4077D898, known as the "Bling Bling";

7) a 2006 50+ foot Sea Ray boat, Hull I.D. # SERY1272D506, know as "Pipe Dream";

8) Any other boats, watercraft, or personal property owned in whole or in part by Miller or any company or entity under his control (as further described without limitation by spreadsheets and schedules maintained by the Monitor); and

9) any real estate owned in whole or in part by Miller or any company or entity under his control (as further described without limitation by spreadsheets and schedules maintained by the Monitor).

The Court further orders that, pending resolution of third party claims and consideration of a request to stay forfeiture pending appeal, proceeds from the subsequent sale of any listed property shall be deposited into defendant Miller's Solutions Bank account and monitored by the financial Monitor pending further Order of the Court.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant Miller's Motion for Order Based on Memorandum Opinion Filed September 10, 2009 (Doc. 416) is GRANTED; the Court directs Country Club Bank as follows:

1) Country Club Bank shall retain in Account Number ****0653 the amount of $24,086.23;

2) Country Club Bank shall issue a check payable to Berkowitz Oliver Williams Shaw & Eisenbrandt LLP in the amount of $101,851.23; and

3) Country Club Bank shall issue a check payable to F. Jeffrey Miller in the amount of $43,730.93.

**IT IS FURTHER ORDERED** that the Preliminary Order of Forfeiture with respect to defendant Miller (Doc. 407) is amended as set forth above; the Court directs the government to submit an Amended Preliminary Order of Forfeiture reflecting the findings set forth herein.

IT IS SO ORDERED.

Dated:  November 12, 2009

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE