lml

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. 06-40151-JAR |
| F. JEFFREY MILLER, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER APPOINTING COUNSEL

This matter is before the Court on defendant F. Jeffrey Miller's Motion for the Appointment of Counsel (Doc. 481). Defendant asks this Court to determine his eligibility for appointed counsel pursuant to 18 U.S.C. § 3006A, which provides that "[i]f at any stage of the proceedings, including an appeal, the United States magistrate or the court finds that the person is financially unable to pay counsel whom he had retained, it may appoint counsel as provided in subsection (b) and authorize payment as provided in subsection (d), as the interests of justice may dictate."[1] Defendant states that his financial situation warrants the appointment of legal counsel due to the forfeiture that has occurred in these criminal proceedings.[2] Defendant notes that the Court has appointed counsel for him in two other federal matters,[3] and that appointment of counsel at this stage of the proceedings will facilitate counsel's appointment for the

---

[1] 18 U.S.C. §3006A(c).

[2] (Docs. 407, 440.)

[3] Counsel was appointed to represent Mr. Miller in two additional criminal cases: Case Nos. 06-40068-JAR and 09-40067-JWL.

impending appeal work.

The Tenth Circuit has previously distinguished the standards for a request to proceed *in forma pauperis* ("*IFP*") on appeal and a request for appointment of counsel in direct criminal appeals. In *United States v. Osuna*,[4] the court explained that a different standard applies under section 3006A than is used in *IFP* analysis, stating "[t]he standard for eligibility for section 3006A appointment is not indigence, but rather whether the party is 'financially unable to obtain counsel.'"[5] Nor is the right to representation in a direct criminal appeal pursuant to section 3006A subject to this Court's determination of frivolousness.[6]

With this standard in mind, the Court turns to defendant's instant motion. The *Guide to Judiciary Policies and Procedures*, approved by the Judicial Council of the United States, makes clear that a court is to consider a defendant's own individual assets in determining eligibility for appointed counsel unless the family is willing to retain counsel.[7] The order of forfeiture in this case included a money judgment in the amount of $2,670,000, and the government has obtained forfeiture of most of defendant's assets as substitute assets. Many of these assets are owned jointly by or as community property with defendant's wife and are subject to pending ancillary

---

[4] 141 F.3d 1412, 1414 (10th Cir. 1998).

[5] *Id*. (quoting *United States v. de Hernandez*, 745 F.2d 1305, 1310 (10th Cir. 1984)).

[6] *Id*. at 1415 (citations omitted).

[7] *See* VII Administrative Office of the United States Courts, *Guide to Judiciary Policies and Procedures*, chap. II, § 2.06 (2005), which states:

> *Family Resources* The initial determination of eligibility should be made without regard to the financial ability of the person's family, unless his family indicates a willingness and financial ability to retain counsel promptly. At or following the appointment of counsel, the judicial officer may inquire into the financial situation of the person's spouse . . . and if such spouse . . . indicates their willingness to pay all or part of the costs of counsel, the judicial officer may direct deposit or reimbursement.

2

proceedings.[8] Accordingly, defendant's family appears unable to continue to pay retained counsel on appeal. Defendant has been incarcerated since July 2009, and the burden of providing for the family has now fallen to his wife. Any doubts as to the defendant's eligibility should be resolved in his favor.[9] Because defendant is financially unable to obtain counsel for his direct criminal appeal, the Court finds that he is eligible for appointed counsel.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Motion for the Appointment of Counsel (Doc. 481) is GRANTED and the Court determines that he is eligible for appointed counsel on appeal.

IT IS SO ORDERED.

Dated: <u>April 28, 2010</u>

                                            <u>S/ Julie A. Robinson</u>
                                            JULIE A. ROBINSON
                                            UNITED STATES DISTRICT JUDGE

---

[8](Doc. 456.)

[9]*Id*. at § 2.04.