lml

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 06-40151-JAR |
| | ) |
| F. JEFFREY MILLER, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER DENYING MOTION FOR RELEASE ON CONDITIONS PENDING APPEAL

This matter is before the Court on defendant F. Jeffrey Miller's Motion for Release on Conditions Pending Appeal (Doc. 476).[1] Defendant, who is currently in custody after his bond was revoked pending sentencing,[2] argues his release is warranted under 18 U.S.C. § 3143(b). The government opposes defendant's motion.

Pursuant to § 3143(b)(1), a defendant requesting release pending appeal must be detained unless the court finds that (1) the defendant has established by clear and convincing evidence that if released, he is not likely to flee or pose a danger to the safety of any other person or to the community, and (2) the defendant has established by a preponderance of the evidence

---

[1] Although the parties have not raised the issue, the Court notes that it has jurisdiction to entertain defendant's motion, even though he has filed his notice of appeal. *See United States v. Meyers*, 95 F.3d 1475, 1488 n.3 (10th Cir. 1996), *cert. denied*, 522 U.S. 1006 (1997) ("Although the filing of a notice of appeal usually divests the district court of further jurisdiction, the initial determination of whether a convicted defendant is to be released pending appeal is to be made by the district court."); *United States v. Affleck*, 765 F.2d 944, 954 (10th Cir. 1985) (same).

[2] (Doc. 425.)

that his appeal is not for delay purposes but actually raises a substantial question of law or fact which if determined favorably on appeal would likely result in reversal, an order for new trial, a sentence with no term of imprisonment, or a reduced sentence.[3] The Court discusses each required showing in turn.

### *Risk of Flight/Danger to Others or Community*

Defendant asserts that he is not a flight risk, citing his broad family and community connections. The government contends that defendant's previous stability no longer exists, due to the forfeiture proceedings, and that this provides incentive to flee. The Court disagrees. Defendant's business and forfeiture situation are not new developments and there is no credible suggestion that he is a risk of flight.

The question of whether defendant presents an actual and financial danger to any other person or to the community is more problematic, given the fact that defendant's bond was revoked in July 2009. Defendant argues that since he no longer has any assets to monitor, his ability to comply with conditions of release merits reevaluation.

The Court has given due consideration to defendant's arguments, but determines that he has not established by clear and convincing evidence that he does not pose a financial danger to the community if released. Indeed, this case was filed while defendant was on pretrial release in Case No. 06-40068 ("*Miller I*"), while he was under the supervision of the Meara team appointed in 2006 to monitor his business. Defendant avoided detention later that year, but only after the Magistrate Judge added additional conditions to the Monitoring Agreement, which Miller again violated in July 2009, after the jury verdict of conviction in this case. While

---

[3]*See Affleck*, 765 F.2d at 952-53.

defendant no longer has any business to monitor, the forfeiture verdict and subsequent preliminary order of forfeiture in excess of $2 million were issued prior to his bond revocation. As the Court noted when it revoked his bond, it was at a loss as to what additional conditions could be imposed to compel defendant to comply with his conditions of release. Other than proposing to get a job and support his family, defendant does not suggest any such conditions in this motion. The only change since the Court revoked defendant's bond is that he is now a sentenced inmate rather than a convicted defendant waiting to be sentenced. Given defendant's history of committing crimes while on pretrial release, even under the supervision of the Court and a monitor, he has not carried his burden regarding potential financial danger to another person or the community while on bond pending appeal.

### *Substantial Question*

Although defendant has not established that he poses no threat to the community, out of an abundance of caution, the Court will address whether he has met his burden with respect to the substantial question requirement of § 3143(b). A substantial question is more than non-frivolous; it is a close question that is either fairly debatable or fairly doubtful.[4] In other words, it is a question "'that very well could be decided the other way.'"[5] As used in § 3143(b)(1)(B), "'substantial' defines the level of merit required in the question presented and 'likely to result in reversal or an order for a new trial' defines the type of question that must be presented."[6] This second prong of the test is satisfied if "'the question is so integral to the merits of the conviction

---

[4] *Id.*

[5] *Id.* at 952 (quoting *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985)).

[6] *United States v. Handy*, 761 F.2d 1279, 1280 (9th Cir. 1985).

3

on which defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial.'"[7]

Defendant focuses on one specific ground for appeal—the Court's admission of Government Exhibit 1-2, a summary chart prepared by government agents working with cooperating co-defendant, James Sparks. Exhibit 1-2 was admitted under Fed. R. Evid. 1006, and the government used the chart in trial to substantiate its claims of conspiracy and fraud. The Court subsequently reaffirmed its admission of Exhibit 1-2 in its post-trial Memorandum and Opinion.[8] Defendant argues that admission of this evidence raises substantial legal questions: (1) the chart was not a Rule 1006 summary; (2) the government failed to satisfy its burden of establishing the business records hearsay exception; and (3) the Court's subsequent ruling defendant's second trial in *Miller I*, where the Court denied the government's request to use the same type of chart.[9] With respect to the first two arguments, the Court addressed in detail defendant's arguments in its order denying post-trial relief, which it incorporates herein.[10] With respect to the third issue, although the government's summaries in the two trials are similar, the witnesses testifying thereto are not. In this case, James Sparks was able to testify that the summarized documents were completed and kept in the course of his mortgage broker business.

Evidentiary rulings are reviewed for abuse of discretion.[11] Under this standard, the appellate court "will not disturb an evidentiary ruling absent a distinct showing that it was based

---

[7]*Affleck*, 765 F.2d at 953 (quoting *United States v. Miller*, 753 F.2d 19, 23 (3rd Cir. 1985)).

[8](Doc. 42, at 37-39.)

[9]*United States v. Miller*, Case No. 06-40068-01-JAR, 2010 WL 235034 (D. Kan. Jan. 15, 2010).

[10](Doc. 421.)

[11]*United States v. Jenkins*, 313 F.3d 549, 559 (10th Cir. 2002), *cert. denied*, 538 U.S. 1006 (2003).

on a clearly erroneous finding of fact or an erroneous conclusion of law or manifests a clear error in judgment."[12] Because evidentiary error is non-constitutional, it is deemed harmless "unless it had a substantial influence on the outcome or leaves one in grave doubt as to whether it had such an effect."[13] Even if the Tenth Circuit were to identify error in the admission of Exhibit 1-2, it would be harmless in light of the otherwise admissible evidence establishing the conspiracy to commit bank fraud from numerous home buyers, along with documents from each transaction. Thus, the Court finds that defendant has not demonstrated that there is a substantial question of law with respect to this evidentiary issue.

In his reply, defendant also argues that he intends to appeal on the additional ground that the money laundering conviction creates a significant legal issue concerning the *Santos* decision, wherein the Supreme Court held that the term "proceeds" as used in 18 U.S.C. § 1956 meant "profits" as applied to the offense of running an illegal lottery.[14] A reversal of the money laundering conviction, however, would not implicate the conviction for conspiracy to commit bank fraud. Because defendant's 108 month's sentence on each count of conviction runs concurrently,[15] the Tenth Circuit would likely decline review of this count.[16] Thus, the Court concludes that defendant has not met the conditions of § 3143(b), and his release pending appeal

---

[12]*Id.*

[13]*United States v. Richardson*, 86 F.3d 1537, 1550 (10th Cir.) (quotation marks omitted), *cert. denied*, 519 U.S. 1030 (1996).

[14]*See United States v. Santos*, 533 U.S. 507, 128 S. Ct. 2020, 2025 (2008).

[15](Doc. 496.)

[16]*See United States v. Hines*, 564 F.2d 925, 928 (10th Cir. 1977), *cert. denied*, 434 U.S. 1022 (1978) (applying Concurrent Sentence Doctrine and declining to review additional counts where concurrent sentences of equal or greater lengths are not challenged or implicated by the appeal).

is not warranted.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Motion for Release on Conditions Pending Appeal (Doc. 476) is DENIED.

**IT IS SO ORDERED.**

Dated: May 7, 2010

                                               S/ Julie A. Robinson
                                              JULIE A. ROBINSON
                                              UNITED STATES DISTRICT JUDGE